IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ENTERGY MISSISSIPPI, INC.**                                                                 **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 5:11-cv-49-HTW-LRA**

**MARQUETTE TRANSPORTATION
COMPANY, LLC, AND BLUEGRASS
MARINE, LLC**                                                                                **DEFENDANTS**

**ORDER**

  Before the court are six (6) motions: Entergy Mississippi, Inc.'s, ("Entergy") Motion to Amend/Correct Amended Complaint [docket no. 74]; Entergy's Motion to Extend Deadline for Plaintiff's Reply Brief in Support of its Motion to Amend Deadline [docket no. 78]; Entergy's Motion for Extension of Time [docket no. 79]; Entergy's Motion to Stay Proceedings [docket no. 80]; Entergy's Motion to Consolidate [docket no. 93]; and Marquette Transportation Company, LLC's, ("Marquette") Motion in Limine [docket no. 81].

  Because Entergy has filed a Notice of Withdrawal of Motion for Leave to Amend First Amended Complaint [docket no. 83], the Motion to Amend/Correct [docket no. 74], and the accompanying motions for Extended Deadline [docket no. 78], Extension of Time [docket no. 79], and Motion to Stay Proceedings [docket no. 80] are moot.

  Further, Marquette's Motion in Limine [docket no. 81] is denied, without prejudice. The Motion in Limine, which seeks to limit Entergy to the dollar amount it pled in its Amended Complaint [docket no. 13] and exclude evidence of Riverside's over-contract expenses, involves questions of damages that are best carried to trial.

  Entergy's Motion to Consolidate [docket no. 93] seeks to consolidate this case with *Riverside Construction Company, Inc. v. Entergy Mississippi, Inc.*, 5:13-cv-29-KS-

1

MTP.  Rule 42[1] of the Federal Rules of Civil Procedure governs consolidation.  Consolidation is warranted where "two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay."  *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761-62 (5th Cir. 1989).  This court has broad discretion in determining whether to consolidate.  *Id.* at 762.

Entergy argues that these cases should be consolidated because the underlying facts in both cases are identical, and proceeding separately would create the risk of inconsistent results.  Marquette, in opposition, argues that it would be prejudiced by the delay that would result in joining Riverside Construction Company, Inc., ("Riverside") and reopening extensive discovery, as well as the possibility that it would be forced to litigate Entergy's contractual suit.

In this litigation, Entergy has requested that Riverside be joined to this lawsuit as a necessary party under Rule 19[2] of the Federal Rules of Civil Procedure.  *See* Motion to Amend/Correct, Motion for Joinder, docket no. 84.  To join Riverside under Rule 19

---

[1] Rule 42 of the Federal Rules of Civil Procedure states:
    **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
        **(1)** join for hearing or trial any or all matters at issue in the actions;
        **(2)** consolidate the actions; or
        **(3)** issue any other orders to avoid unnecessary cost or delay.
    **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

[2] Rule 19(a)(1) of the Federal Rules of Civil Procedure states:
    **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

first requires the court to determine whether it has subject-matter jurisdiction over the claim against the proposed party.  Because both Riverside and Entergy are Mississippi entities, this court may not exercise diversity jurisdiction over the matter.  To maintain jurisdiction over a claim against Riverside, the court would have to find that the contract between Riverside and Entergy is a maritime contract, which would allow the court to exercise jurisdiction under Title 28 U.S.C. § 1333[3], as a question of admiralty law.

In the Riverside litigation, which was initially filed in state court and removed to federal court by Entergy, Riverside is currently seeking a remand to state court. Riverside contends that the contract with Entergy is not a maritime contract and that the district court does not have subject-matter jurisdiction over the lawsuit.  The Riverside litigation involves the same question of fact and law regarding jurisdiction as the case *sub judice*:  whether the contract between Entergy and Riverside is a maritime contract. Determination in separate courts of the jurisdictional issue could result in disparate outcomes and duplicitous litigation.  For example, if this court were to determine that the contract is a maritime contract, maintain jurisdiction, and join Riverside as a party, and the district court in the Riverside litigation decides that it does not have jurisdiction and remands, the parties might be faced with two (2) forums litigating the same contract dispute.  One primary concern and objective in consolidation of cases is avoiding separate actions that may cause conflicting results.  *See Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987).  The court is persuaded that these cases must be consolidated for the proper adjudication of the jurisdictional question.

---

[3] Title 28 U.S.C. § 1333(1) states:  "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:  . . . Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

3

For the foregoing reasons, this court grants Entergy's Motion to Consolidate [docket no. 93].  The court also denies Marquette's Motion in Limine [docket no. 81], without prejudice.  Entergy's Motion to Amend/Correct [docket no. 74], which has been withdrawn, is considered moot, along with its accompanying motions [docket nos. 78, 79, and 80].  All further filings in the *Riverside Construction Company, Inc. v. Entergy Mississippi, Inc.*, 5:13-cv-29-KS-MTP, shall be filed with this court.

SO ORDERED, this the 17th day of July, 2013.

                                        s/ HENRY T. WINGATE
                                        UNITED STATES DISTRICT JUDGE

Civil Action No. 5:11-cv-49 HTW-LRA
Order